SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

EDWARD LOWENTHAL,

        *Plaintiff,*

-against-

PETER G. ROBBINS,

        *Defendant.*

-----------------------------------------------------------------X

Index No.: _____

**SUMMONS**

Plaintiff designates New York
County as the place of trial

Venue is premised in New York
County as the local where business
was transacted

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the motion for summary judgment in lieu of complaint in this action brought on by Plaintiff's accompanying Notice of Motion, at the time and place provided in the Notice of Motion and to serve a copy of your answering papers on Plaintiff's attorney at least seven (7) days before the return date of the motion as set forth in the Notice of Motion. In case of your failure to appear or answer the motion, summary judgment will be taken against you by default for the relief demanded in the Notice of Motion.

The basis for venue being designated in New York is that this is the local at which the underlying transaction occurred.

Dated: White Plains, New York
      July 15, 2016

                          Respectfully submitted,

                          **CERMELE & WOOD LLP**

                          By_____
                          Mark Cermele
                          *Attorney for Plaintiff*
                          2 Westchester Park Drive, Suite 205
                          White Plains, New York 10604
                          Tel: (914) 967-2753
                          Fax: (914) 967-2754
                          Eml: mark@cw.legal

TO:    Mr. Peter G. Robbins
        2 West 67th Street
        NY, NY 10023-6241

Mr. Peter G. Robbins
23 Dogwood Lane
Westport, CT 06880-5022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X   Index No.: _____

EDWARD LOWENTHAL,

        *Plaintiff,*

    -against-

PETER G. ROBBINS,

        *Defendant.*

-------------------------------------------------------------------X

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

SIRS:

PLEASE TAKE NOTICE, that upon the summons dated July 15, 2016 and upon the accompanying Affidavit of Edward Lowenthal, sworn to on the15th day of July, 2016, and the exhibits annexed hereto, the Plaintiff will move this Court at 60 Center Street in the City of New York, County of New York, State of New York, on the 11th day of October, 2016, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, at IAS Part to be assigned, for an Order of Summary Judgment in Lieu of Complaint pursuant to CPLR § 3213 directing the entry of judgment for the Plaintiff in the amount of:

(i)     THREE HUNDRED FIFTY THOUSAND and 00/100 ($350,000.00) Dollars, plus interest accruing thereon from October 12, 2012 at the rate of 3.5% per annum; and

(ii)    Plaintiff's costs and disbursements that have or will necessarily be incurred with this action in the amount of ONE THOUSAND ONE HUNDRED FIFTY and 00/100 ($1,150.00) DOLLARS; and

(iii)   such other and further relief as to this Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §§ 3213 and 2214(b), answering papers and any notice of cross-motion with supporting papers, if any, shall be served at least seven (7) days before the return date of this motion. Reply or responding affidavits shall be served at least one day before such time.

Dated: White Plains, New York
July 15, 2016

Respectfully submitted,

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
*Attorney for Plaintiff*
2 Westchester Park Drive, Suite 205
White Plains, New York 10604
Tel.: (914) 967-2753
Eml.: mark@cw.legal

TO:    Mr. Peter G. Robbins
2 West 67th Street
NY, NY 10023-6241

Mr. Peter G. Robbins
23 Dogwood Lane
Westport, CT 06880-5022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

EDWARD LOWENTHAL,

        *Plaintiff,*

   -against-

PETER G. ROBBINS,

        *Defendant.*

-----------------------------------------------------------------X

Index
No.:_____

**AFFIDAVIT OF EDWARD
LOWENTHAL IN
SUPPORT OF MOTION
FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

STATE OF <u>New Jersey</u> :

            : SS.

COUNTY OF <u>Bergen</u> :

    **EDWARD LOWENTHAL**, being duly sworn, and under penalty of perjury deposes and says as follows:

    1. I am over the age of 18 years and know the meaning of an oath.

    2. I am the Plaintiff in the above-captioned action.

    3. I am personally familiar with all the facts and circumstances in this action, and I make this affidavit in support of Plaintiff's motion for summary judgment in lieu of complaint.

    4. I reside at 13 Ackerman Road, Saddle River, New Jersey 07458.

    5. Upon information and belief, for all times relevant to this action Peter G. Robbins (the "Defendant") resides at 23 Dogwood Lane, Westport, CT 06880-5022.

    6. Upon information and belief, for all times relevant to this action the Defendant also maintains a residence at 2 West 67th Street, New York, NY 10023-6241.

    7. Since 2003 to the present date I have served on the Board of Trustees (the "Board") for the Manhattan School of Music, and presently serve as the Vice Chair of the Board and Treasurer.

    8. From September 2006 through October 2014, the Defendant also served on the Board, until he resigned as Chairman of the Board in 2014.

    9. The Board's members, including Defendant and I, held meetings as a matter of course greater than four times per year at the Manhattan School of Music located at 120 Claremont Ave, New York, NY 10027.

    10. Through these meetings I developed a friendship with the Defendant.

    11. Before, during and after the Board meetings, the Defendant and I would discuss our mutual interests in real estate.

    12. In the late Summer and early Fall of 2012, while in Manhattan

to attend a Board meeting the Defendant proposed that I invest with him in a farm that he represented to own and control in Florida.

13. Initially the Defendant proposed that I invest equity in the company, of which he is a principal owner, that owned and operated the farm.

14. The Defendant provided me with a private placement memorandum, financial statements and projections for the farm's business to solicit my investment.

15. Defendant later indicated that the offering proposed in the private placement memorandum was not proceeding as plannd.

16. On or about October 12, 2012, upon further discussion while in Manhattan in conjunction with a Board meeting, the Defendant and I agreed that I would lend to Defendant, individually, $350,000, to be repaid by Defendant on or before October 1, 2013 plus interest at the rate of 3.5%.

17. The agreement to lend Defendant $350,000 was committed to writing in the Promissory Note dated October 8, 2012 and entered on October 12, 2012 (the "Note"). A true and correct copy of the Note is attached as **Exhibit "A"**.

18. The Note was entered by the Defendant in my presence in New York City; the Note references that it is "Made in New York this 12 day of October 2012."

19. The Note was signed by the Defendant, as Maker, thereby promising to personally pay unto me the principal sum of $350,000.00 plus interest at the rate of 3.5% per annum.

20. The principal sum of $350,000.00 was wired from my bank in New York (U.S. Trust Company) to the Defendant's designated account, thereby fulfilling all of my obligations under the Note. A true and correct copy of the wire confirmation is attached as **Exhibit "B"**.

21. Pursuant to the Note, I had the option to convert my loan into an equity interest in Riverland and Indian Sun LC (the "Company"); the option expired on October 1, 2013 (the "Maturity Date").

22. I regularly asked for financial updates on the farm's operations and never received any such reports. Defendant was upbeat about operations and prospects, but never sent any financial reports.

23. The Maturity Date came and went, and I never converted the loan into an equity position in the Company.

24. Pursuant to the Note, the Defendant, as Maker, agreed to repay me the principal sum plus interest on or before the Maturity Date, and waived presentment, protest and notice in the event of default.

25. The Maturity Date has passed and I have neither received repayment of the principal sum of $350,000.00 nor the accrued interest thereon from October 12, 2012 at the rate of 3.5% as is due to me under the Note.

26. In or about November 2014, I made demand for payment.

27. Still, the Defendant has not repaid his debt but made excuses for the poor performance of the farm in which he invested his borrowed monies.

28. I have tried to remain patient, and even assist the Defendant to recoup his investment and, in turn, receive repayment of my loan.

29. I can no longer be playacted by Defendant and make this instant application for judgment on the Note.

30. My attorney has prepared a Bill of Costs noting those costs and disbursements that I have and will necessarily incur in association with this action, which amount to $1,150.00. A true and correct copy of the Bill of Costs is attached as **Exhibit "C"**.

31. All obligations, actions and events on the part of Plaintiff have been fulfilled.

32. There is no defense to this action.

33. The attached documents, when considered together with my supporting affidavit as to Defendant's default, sufficiently establish Plaintiff's Prima facie entitlement to summary judgment.

34. No previous application has been made for this or any similar relief before this or any other court of judge.

**WHEREFORE**, it is respectfully requested that this Court grant summary judgment in favor of Plaintiff, Edward Lowenthal, against the Defendant, Peter G. Robbins, in the sum of in the amount of:

(i) THREE HUNDRED FIFTY THOUSAND and 00/100 ($350,000.00) Dollars; plus interest accruing thereon from October 12, 2012 at the rate of 3.5% per annum; and

(ii) Plaintiff's costs and disbursements that have or will necessarily be incurred with this action in the amount of ONE THOUSAND ONE HUNDRED FIFTY and 00/100 ($1,150.00) DOLLARS; and

(iii) such other and further relief as to this Court may seem just and proper.

Edward Lowenthal

Sworn to before me this
15th day of July, 2016

NOTARY

5

REGINA F. FERRARO
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 9, 2018

By Fax: 201-818-9140

# RIVER SUN FRESH LLC

**Promissory Note for US $350,000**                 **OCTOBER 8, 2012**

**For Value Received** the undersigned (the "Maker") promises to pay on or before October 1, 2013, (the "Maturity Date") to Edward Lowenthal (the "Holder"), or order, at the Maker's office at 234 South 6th Avenue Wauchula, Florida 33873, the sum of three hundred fifty thousand US dollars plus accrued interest thereon set at the rate of 3.5 percent per annum, accrued from today's date (or such lesser amounts of principal and interest as would result from the prepayment, in whole or part, of this Note).

The Maker represents that the proceeds of this Note have been and or will be applied to the working capital requirements of River Sun Fresh LC (the "Company") and the Note shall be subject to mandatory prepayment on from the cash proceeds from the sales of the Company's crops.

This Note may not be transferred without the prior written consent of the Maker which can be withheld unless the Maturity of this Note has been accelerated.

The Maturity of this Note may be accelerated if the Maker should act contrary to the provisions hereof; apply for relief under any law of insolvency; fail within 90 days to lift any stay imposed by a third party; or if the River Sun Fresh shall be in default of any other instrument. The Maker hereby waives presentment, protest and notice of same to the extent permitted by law.

The Holder shall have an option but not the requirement to purchase from the Maker or from the Company an equity interest into Riverland and Indian Sun LC equal to that interest he would have received had he invested $350,000 into Riverland in the Company's most recent offering which valued such entity at $85,000,000. This option expires on the Maturity Date and is not transferable,

**MADE** in New York this 12 day of ~~September~~ October 2012

Peter Robbins

*charles* SCHWAB
INSTITUTIONAL

# Wire Transfer Letter of Authorization

Page 1 of 2

**Investment Advisor ("IA") Information (This portion to be completed by IA.)**

IA Firm Name (please print): RED HOOK MANAGEMENT LLC

IA Master Account Number: 8150381          Service Team: New York Metro

Advisor Contact Information (if follow-up is required): Lori Trapasso    973-998-6345

· This form is appropriate for transfers between identically registered CRA or IRA account combinations. This form cannot be used to request wires from Custodial, 529 Plan, Education Savings, IRA (excluding IRA combinations), 403(b)(7), Individual 401(k) and Qualified Retirement Plan (QRP) accounts. Please contact your IA for the appropriate form.

## 1. One-Time or Standing Instructions (Select one.)

◉ One-time

○ Standing Instructions Authorization (optional—IA firm must be named above): Please initial below only if you want your IA to initiate distributions on your behalf. All Schwab account holders must initial below. (An "X" is not sufficient.) You may revoke this authorization by notifying Schwab. The following account registrations are not eligible for Standing Instructions for this form: Estate, Conservatorship, Testamentary Trust or Guardianship.

| Account Holder/<br>Trustee/Custodian/<br>Executor | Add'l Account Holder/<br>Co-Trustee/<br>Co-Custodian/<br>Co-Executor | Add'l Account Holder/<br>Co-Trustee/<br>Co-Custodian/<br>Co-Executor | **Standing Instructions:** I authorize Schwab to accept instructions from my IA to transfer funds from this account to the receiving bank designated in Section 3. I acknowledge that this authority is effective regardless of any differences in registration between these two accounts. I agree to indemnify and hold harmless Schwab, its affiliates and their directors, officers, employees and agents from and against all claims, actions, costs and liabilities, including attorneys' fees, arising out of or relating to: (1) their reliance on these Standing Instructions and (2) Schwab's execution of my IA's instructions. |

## 2. Schwab Account Information

Edward Lowenthal

Account Holder Name(s) (as they appear on your statement)

If this account has the margin feature, can the wire be sent on margin? ○ Yes  ◉ No  (If no selection is made, the wire can be sent on margin.)

Schwab Account Number

## 3. Receiving Bank Information The wire transfer fee is $25.

| 350,000.00 | N/A | N/A |
|---|---|---|
| Amount to be Wired (in U.S. dollars) | Amount to be Wired (in foreign currency) | Foreign Currency Type |
| Bank of America | | N/A |
| Receiving Bank Name | Receiving Bank Phone Number | If Foreign Wire, Swift Code and/or Routing Number of Receiving Bank |
| 026009593 | – | |
| Receiving Bank Routing Number (ABA or SWIFT/BIC code) | Receiving Bank Address (required for foreign bank) | |
| 000180019810 | Trust Dept. TX funds | |
| Account Number at Receiving Bank | Name(s) on Receiving Bank Account (registration) | |

41011005863301

Address of Account Holder at Receiving Bank if Different from Schwab Account Registration (example: brokerage firm/escrow company)

Sacajawea Family Ltd. Partnership

Further Credit/Escrow Account Number (if applicable)                              Escrow Company Phone Number

Name of Final Beneficiary (if applicable)          Address of Final Beneficiary (required if final beneficiary is different from Schwab account registration)

## 4. Please Read, Sign and Date

I authorize Charles Schwab & Co., Inc. ("Schwab") to wire funds from my Schwab account pursuant to the preceding instructions. I understand that wiring funds outside of the U.S. may take three to five business days. For Standing Instructions only (all account holders must sign and date): I understand that Schwab may accept future requests to wire funds from my account according to the preceding instructions. Such requests may be made by any person having signing authority with respect to my Schwab account and may be delivered orally, in person or by telephone, or may be transmitted by facsimile or delivered in a signed writing.

| Signature: Account Holder/Trustee/Custodian/Executor | Edward Lowenthal | Date 10 / 01 / 12 |
|---|---|---|
| | Print Name | (mm/dd/yyyy) |
| Signature: Additional Account Holder/Co-Trustee/Co-Custodian/Co-Executor | Print Name | Date (mm/dd/yyyy) |
| Signature: Additional Account Holder/Co-Trustee/Co-Custodian/Co-Executor | Print Name | Date (mm/dd/yyyy) |
| Signature: Investment Advisor (if applicable) | Print Name | Date (mm/dd/yyyy) |

Note: Investment Advisor may sign only if the account holder has granted disbursement authority AND there is an account at the receiving institution whose registration is IDENTICAL to the Schwab account registration.

WB

©2011 Charles Schwab & Co., Inc. ("Schwab"). All rights reserved. Member SIPC.
Schwab Institutional® is a division of Schwab.   CS14573-01 (0711-3894)   APP20201-09 (06/11)

0 0 0 0 0

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EDWARD LOWENTHAL

Plaintiff,

- against –

PETER G. ROBBINS

Defendant.

Index #: _____

**COSTS OF PLAINTIFF**

| | COSTS | | | DISBURSEMENTS | |
|---|---|---|---|---|---|
| Costs before note of issue CPLR '8201 subd 1 | $ 200.00 | | Fee for index number CPLR '8018(a) | | $ 210.00 |
| Costs after note of issue CPLR '8201 subd 2 | | | Referee's fees CPLR '8301(a)1 | | |
| Trial of Issue CPLR '8201 subd 3 | | | Commissioner's compensation CPLR J8301(a)2 | | |
| Allowance by Statute CPLR '8302201 (a) (b) | | | Clerk's fee, filing notice of pend. or attach.CPLR '8018(e) '8021(a)12 | | |
| Additional allowance CPLR '8302 (d) | | | Clerk's fee cancel, notice of pend. CPLR '8021(a)12 | | |
| Motion of Costs CPLR '8202 | | | Entering and docketing judgment '8301(a)7 '8016(a)2 | | |
| Appeal to Appellate Term CPLR '8203(b) | | | Paid for searches CPLR '8301(a)10 | | $350.00 |
| Appeal to Appellate Division CPLR '8203(a) | | | Affidavits & acknowledgments CPLR '8009 | | |
| Appeal to Court of Appeals before argument CPLR '8204 subd 1 | | | Serving copy summons & complaint CPLR '8011(c)1 '8301(d) | | $ 250.00 |
| Appeal to Court of Appeals for argument CPLR '8204 subd 2 | | | Note of issue CPLR '8020(a) | | |
| | | | Paid referee's report CPLR '8301(a)12 | | |
| | | | Certified copies of papers CPLR '8301(a)4 | | |
| | | | Satisfaction piece CPLR '5020(a) '8021 | | |
| | | | Transcripts and filing CPLR '8021 | | |
| | | | Certified copy of judgment CPLR '8021 | | |
| | | | Postage CPLR '8301(a)12 | | |
| | | | Jury fee CPLR '8020(c)1, | | |
| | | | Stenographers' fees CPLR '8002 '8301 | | |
| | | | Sheriffs fees on execution CPLR '8011(b) '8012 | | |
| | | | Sheriff's fees, attachment, arrest, etc.CPLR '8011(a)(c)2, 3(g) | | |
| | | | Paid printing cases CPLR '8301(a)6 | | |
| | | | Paid printing case CPLR '8301(a)6 | | |
| | | | Clerk's fees Court of Appeals CPLR '8301(a)12 | | |
| | | | Paid copies of papers CPLR '8016(a)4 | | |
| | | | Motion expenses CPLR '8301(b) | | $45.00 |
| | | | Fees for publication CPLR '8301(a)3 | | |
| | | | Serving subpoena CPLR '8011(c)6 '8301(d) | | |
| | | | Paid for Register's Search CPLR '8301(a)10 | | |
| | | | Paid for County Clerk's Search | | |
| | | | Paid for Loan Commissioner's Search | | |
| **COSTS** | $ 200.00 | | Paid for U.S. Circuit Court Search | | |
| **DISBURSEMENTS** | $ 510.50 | | Paid for Tax Search | | |
| | | | Paid for Referee's Report | | |
| **TOTAL** | **$1,150.00** | | Attendance of Witnesses: CPLR '8001(a)(b)(c) '8301(a)1 | | |
| | | | Request for Judicial Intervention | | $95.00 |
| | | | | | $ 950.00 |

State of New York          )
                           ) ss.:
County of Westchester      )

The undersigned attorney, admitted to practice on the courts of this state, affirms: that he is a member of the firm of The Cermele Law Firm, PLLC, the attorneys for plaintiff, EDWARD LOWENTHAL in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York
       July 15, 2016

_____
                MARK CERMELE

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

**New York Supreme COURT, COUNTY OF New York**

**Index No:**        **Date Index Issued:**

| | **For Court Clerk Use Only:** |
|---|---|
| | IAS Entry Date |
| | |
| | Judge Assigned |
| | |
| | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Edward Lowenthal

**Plaintiff(s)/Petitioner(s)**

-against-

Peter G. Robbins

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING:  Check ONE box only and specify where indicated.

**MATRIMONIAL**

- [ ] Contested

  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**

- [ ] Asbestos
- [ ] Breast Implant
- [ ] Environmental:
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability:
- [ ] Other Negligence:
- [ ] Other Professional Malpractice:
- [ ] Other Tort:

**COMMERCIAL**

- [ ] Business Entity (including corporations, partnerships, LLCs, etc.)
- [ ] Contract
- [ ] Insurance (where insurer is a party, except arbitration)
- [ ] UCC (including sales, negotiable instruments)
- [ ] Other Commercial:

  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(D)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:**  How many properties does the application include?

- [ ] Condemnation
- [ ] Mortgage Foreclosure:    [ ] Residential    [ ] Commercial
  Property Address:
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- [ ] Tax Certiorari - Section:    Block:    Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property:

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [x] Other: Contract Non-Commercial

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)    [see **NOTE** under Commercial]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene:
- [ ] Other Special Proceeding:

## STATUS OF ACTION OR PROCEEDING:  Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | [x] | [ ] | If yes, date filed: 09/06/2016 |
| Has a summons and complaint or summons w/notice been served? | [ ] | [x] | If yes, date served: |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: |

1 of 2

# NATURE OF JUDICIAL INTERVENTION: Check ONE box only AND enter information where indicated.

- [ ] Infant's Compromise
- [ ] Note of Issue and/or Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice — Date Issue Joined:
- [x] Notice of Motion — Relief Sought: _____ Return Date: _____
- [ ] Notice of Petition — Relief Sought: _____ Return Date: _____
- [ ] Order to Show Cause — Relief Sought: _____ Return Date: _____
- [ ] Other Ex Parte Application — Relief Sought: _____
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other:

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Famiy Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g., defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| [ ] | Name: Lowenthal, Edward<br><br>Role(s): Plaintiff/Petitioner | MARK CERMELE, Cermele & Wood LLP, 2 Westchester Park Dr Ste 205 , White Plains, NY 10604, mark@cw.legal | NO | |
| [x] | Name: Robbins, Peter G.<br><br>Role(s): Defendant/Respondent | 2 West 67th Street, New York, NY 10023 | NO | |
| [ ] | Name:<br><br>Role(s): | | | |
| [ ] | Name:<br><br>Role(s): | | | |
| [ ] | Name:<br><br>Role(s): | | | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

**Dated:** 09/06/2016

MARK CERMELE
**SIGNATURE**

4329322
**ATTORNEY REGISTRATION NUMBER**

MARK CERMELE
**PRINT OR TYPE NAME**

## SUPREME COURT OF THE STATE OF NEW YORK
## County of New York



*178042*

### AFFIDAVIT OF SERVICE

Index no : **157453/2016**

**Edward Lowenthal**

        Plaintiff(s),

vs.

**Peter G. Robbins**

        Defendant(s).

**STATE OF CONNECTICUT**

                    **ss: East Hartford**

**HARTFORD COUNTY**

**Eric Rubin**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **09/16/2016** at **5:40 PM**, I served the within **Notice of Commencement of Action Subject to Mandatory Electronic Filing, Confirmation Notice, Request for Judicial Intervention, Summons, Notice of Motion for Summary Judgment in Lieu of Complaint with Affidavit of Edward Lowenthal in Support of Motion with Exhibit A** on Peter G. Robbins at **23 Dogwood Lane, Westport, CT 06880** in the manner indicated below:

INDIVIDUAL: By delivering a true copy of each to said recipient personally; deponent knew the person to be the person described as said person therein.

Comments: **09/09/2016 @ 6:35 P.M., this is a contemporary home at the end of a long shared driveway. There is a package at the door for the subject. There was no answer at the door. 09/10/2016 @ 7:00 A.M., the package is still on the door. There was n answer. The occupants are out of state. 09/13/2016 @ 3:15 P.M., there are three newspapers in the driveway. There are no cars. There is a package still at the door. 09/14/2016 @ 9:50 P.M., there was no answer at the door. I left a generic delivery note on the door.**

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|------|--------------------|---------------|------|--------|--------|
| Male | Caucasian | Gray | 67 | 5'9" | 180 |
| Other Features: **Balding** | | | | | |

Your deponent asked the person spoken to whether the Recipient was in the active military service and received a negative reply. Upon information and belief I have; being based on the conversations above narrated, Recipient is not in the military service.

Sworn to and subscribed before me on
September 19, 2016
by an affiant who is personally known to
me or produced identification.

X
Eric Rubin
State Process Serving Company
3281 Elk Court
Yorktown Heights,NY 10598
914-243-5817

Naivai Dahl     my fac  fv @ 31 7 017

1 of 1