UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD LOWENTHAL,<br><br>                *Plaintiff,*<br><br>   -against-<br><br>PETER G. ROBBINS<br><br>               *Defendant.* | Civil Action No.: 16-cv-07898-(JMF)<br><br>**VERIFIED COMPLAINT** |

Plaintiff Edward Lowenthal ("Lowenthal"), by his attorneys Cermele & Wood LLP, as and for his verified complaint herein alleges as follows:

## THE PARTIES

1. Plaintiff Lowenthal was and is at all times relevant to this action a natural person residing at 13 Ackerman Road, Saddle River, New Jersey 07458.

2. Upon information and belief, defendant, Peter G. Robbins ("Defendant") was and is a natural person residing at 23 Dogwood Lane, Westport, Connecticut 06880.

3. Upon information and belief, Defendant also maintains a residence at 2 West 67th Street, New York, New York 10023.

## Jurisdiction

4. On or about September 6, 2016, Lowenthal commenced an action in the Supreme Court of the State of New York, County of New York (Index No. 157453/2016), by filing a Motion for Summary Judgment in Lieu of Complaint (the "Initial Action").

5. Pursuant to 28 U.S.C. § 1441, et seq., and Local Civil Rule 8.1 of the United States District Courts for the Southern District of New York, Defendant filed a Notice of Removal from the Supreme Court of the State of New York.

6. The matter in dispute exceeds the sum of $75,000, exclusive of interest and costs.

7. At the time of the commencement of the Action in the Supreme Court of the State of New York, County of New York until present, Plaintiff was and remains a citizen of the State of New Jersey, and Defendant was and remains a citizen of the State of Connecticut.

8. Thus, the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(1).

## Facts Common to All Causes of Action

9. On or about 2006 through October 2014, Lowenthal and Defendant together served on the Board of Trustees for the Manhattan School of Music (the "Board") and presently serves as the Vice Chair of the Board and Treasurer.

10. The Board's members, including Lowenthal and Defendant, held meetings as a matter of course which took place more than four time per year at the Manhattan School of Music.

11. Through these meetings Lowenthal and Defendant developed a friendship and discovered they both had an interest in real estate.

12. In the late Summer and early Fall of 2012, while attending a Board meeting, Defendant proposed to Lowenthal that Lowenthal lend Defendant $350,000.00 for Defendant to invest in a farm that Defendant alleged to own and control in the State of Florida.

13. On or about October 1, 2012, upon further discussion while in Manhattan in conjunction with a Board meeting, Defendant and Lowenthal agreed that Lowenthal would lend

to Defendant, individually, the sum of $350,000.00, to be repaid by Defendant in one year, plus interest at the rate of 3.5% per annum.

14. On or about October 1, 2012, the principal sum of $350,000.00 was wired from Lowenthal's account and into Defendant's designated account.

15. On or about October 8, 2012, upon repeated request from Lowenthal that the loan agreement be committed to writing, Defendant drafted, executed and delivered a promissory note (the "Note") that stated, Lowenthal agrees to lend Defendant, individually, the principal sum of $350,000.00 and Defendant agrees, unconditionally, to repay Lowenthal the principal sum plus interest at a rate of 3.5% per annum on or before October 1, 2013 (the "Maturity Date"). A true and correct copy of the Note is attached and incorporated by reference as **Exhibit A**.

16. The Note was signed by Defendant, as maker, thereby promising to personally pay unto Lowenthal the principal sum of $350,000.00, plus interest at a rate of 3.5% per annum.

17. Pursuant to the Note, Lowenthal had the option to convert his loan into an equity interest in River Sun Fresh LLC ("RSF"), the option expired on the Maturity Date.

18. Lowenthal repeatedly asked Defendant for financial updates on RSF to asses if Lowenthal wanted to exercise his option, but Defendant never provided the financials necessary for Lowenthal to decide whether to exercise the option.

19. The Maturity Date expired without Lowenthal ever exercising his option.

20. Likewise, as of October 1, 2013, and ever since, Defendant has not paid Lowenthal the principal sum of $350,000.00 or the interest due under the Note.

21. Lowenthal has made numerous demands for payment from Defendant, and to date, has not received payment.

22. On September 16, 2016, Defendant was served with the Initial Action. A true and correct copy of the Affidavit of Service is attached as **Exhibit B**.

23. On or about September 26, 2016, soon after Defendant was served with the Initial Action, Lowenthal received numerous telephone calls from Defendant, but was unable to answer.

24. On September 28, 2016, Lowenthal received and answered Defendants call, whom wanted to discuss the Initial Action.

25. During the telephone conversation, Defendant admitted that he agreed, personally, to pay the Loan pursuant to the terms of the Note.

26. During the telephone conversation, Defendant proclaimed that if Lowenthal insists on enforcing the Note that he will merely fabricate a new note whereby he promises to pay the Loan as an officer of RSF, not personally.

27. Defendant did, in fact, produce such a note dated, September 27, 2012 (the "Fake Note") and had his counsel produce a copy to Lowenthal's counsel on October 26, 2016, two days before the preliminary conference before this Court. A true and correct copy of the Fake Note is attached and incorporated by reference as **Exhibit C**.

28. The Fake Note was identical to the Note, except Defendant changed the date and added indicia beneath the signature line indicating that he is signing in his capacity as an officer of RSF.

29. Lowenthal never previously had any knowledge that the Fake Note existed until Defendant said he would fabricate it on September 28, 2016.

30. Lowenthal never previously saw the Fake Note until Defendant's counsel produced it upon Lowenthal's attorney on October 16, 2016.

31. The Fake Note never existed until after this action was commenced and was made by Defendant in a fraudulent scheme to avoid personal liability.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST PETER G. ROBBINS
### (Breach of Contract)

32. Lowenthal realleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

33. Lowenthal lent Defendant the agreed upon sum of $350,000.00 pursuant to the terms of the Note.

34. Defendant's obligation to pay Lowenthal under the Note is unconditional.

35. Payment of the principal sum of $350,000 was due under the Note on the Maturity Date.

36. Despite repeated request, Defendant has not paid Lowenthal any amount due under the Note.

37. Pursuant to the Note, interest has accrued on the principal sum of $350,000 in the amount of 3.5% per annum since October 1, 2013.

38. Defendant has breached the Note by failing to pay the amount due thereunder on demand.

39. As a result of the above, Lowenthal is due and owing $350,000 plus interest at the rate of 3.5% per annum since October 1, 2013.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST PETER G. ROBBINS
### (Fraud)

40. Lowenthal realleges and incorporates paragraphs 1 through 39 above as if fully set forth herein.

41. Upon being served with the Initial Action, Defendant informed Lowenthal that if he persists on enforcing the Note, he will create the Fake Note and allege that he never agreed to personally pay the Loan.

42. Defendant prepared the False Note and presented it to the court by way of counsel.

43. Defendant has alleged that RSF is an assetless company.

44. Defendant created and presented the False Note in a clear attempt to misrepresent the terms of the Loan that were agreed to long ago by and between Lowenthal and Defendant.

45. Defendant created and presented the Fake Note for the specific purpose of misrepresenting the party responsible for repaying the Loan.

46. Defendant created and presented the Fake Note for the specific purpose of shifting liability from Defendant, personally, onto a limited liability company that he knows to be assetless.

47. Defendant fraudulently represented that the False Note is the original promissory note (the Note) between himself and Lowenthal.

48. Lowenthal relied upon the personal promise of Defendant to repay the Loan in order to induce Lowenthal to issue the Loan.

49. Defendant knowingly misrepresented the identity of the debtor with the intent to induce plaintiff's reliance upon Defendant's personal obligation to repay the Note.

50. For at least the aforementioned reasons, Defendant has defrauded Lowenthal, and Lowenthal thereby seeks repayment of the $350,000 lent in reliance upon Defendant's lies, plus interest thereon, attorney fees and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST PETER G. ROBBINS
(Fraud on the Court)

51. Lowenthal realleges and incorporates paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant fraudulently created and represented the Fake Note to the court by way of counsel.

53. Defendant has made false accusations directed towards some of the central facts of the case through the use of the Fake Note.

54. Defendant fraudulent creation and representation of the Fake Note to the court, is an unconscionable scheme calculated to interfere and improperly influence the court's interpretation of Lowenthal's claim.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST PETER G. ROBBINS
### (ABUSE OF PROCESS)

55. Lowenthal realleges and incorporates paragraphs 1 through 54 above as if fully set forth herein.

56. Defendant knowingly made the false representation that RSF, and not Defendant, personally, agreed to repay the Note.

57. Lowenthal was induced to lend the amounts due under the Note in reliance upon Defendant's promise to personally repay the Loan.

58. Defendant has knowingly made a false representation to this Court regarding who the debtor is on the Loan in order to create a false issue of fact and avoid issuance of a summary judgment in the amount of the principal sum under the Note, plus interest.

59. Defendant knowingly misrepresented to this Court the identity of the debtor on the Note in a deliberate effort to shed his personal liability onto an assetless company.

60. There is no excuse or justification for Defendant's misrepresentations.

61. Defendant uses this process in perverted manner to obtain his collateral objective of avoiding personal liability for a debt.

**WHEREFORE**, Edward Lowenthal demands judgment against Defendant Peter G. Robbins as follows:

A. As to the First Cause of Action: in the amount of $350,000.00, plus pre-judgment interest at the rate of 3.5% per annum from October 1, 2013, costs and disbursements;

B. As to the Second Cause of Action: in the amount of $350,000.00, plus pre-judgment interest at the rate of 3.5% per annum from October 1, 2013, punitive damages, costs, disbursements and attorney's fees.

C. As to the Third Cause of Action: in the amount of $350,000.00, plus pre-judgment interest at the rate of 3.5% per annum from October 1, 2013, punitive damages, costs, disbursements and attorney's fees.

D. As to the Fourth Cause of Action: in the amount of $350,000.00, plus pre-judgment interest at the rate of 3.5% per annum from October 1, 2013, punitive damages, costs, disbursements and attorney's fees.

E. And, for such other and further relief as to this Court seems just and proper, together with the costs and disbursements of this action.

Dated: White Plains, New York
November 17, 2016

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
*Attorneys for Plaintiff*
2 Westchester Park Drive, Suite 110
White Plains, NY 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

# VERIFICATION

STATE OF NEW YORK      }
                       } ss.:
COUNTY OF WESTCHESTER  }

EDWARD LOWENTHAL, being duly sworn, deposes and says:

I am the plaintiff in the above matter. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
EDWARD LOWENTHAL

Sworn to before me this
18th day of November, 2016

_____
Notary Public

MARK CERMELE
Notary Public, State of New York
No. 02CE6145329
Qualified in Westchester County
Commission Expires May 01, 20__