GUZOV, LLC
Debra J. Guzov (DG 7125)
*Attorneys for Defendant Peter G. Robbins*
805 Third Avenue, 8th Floor
New York, NY 10022
(212) 371-8008
dguzov@guzovllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD LOWENTHAL,<br><br>                              Plaintiff,<br><br>- against -<br><br>PETER G. ROBBINS,<br><br>                              Defendant. | Index No.   16-cv-07898-(JMF)<br><br>**Jury Trial Demanded** |

## VERIFIED ANSWER

Defendant Peter G. Robbins ("Robbins") by and through his counsel Guzov, LLC, respond as follows to the Complaint dated November 17, 2016 (the "Complaint") of - Lowenthal[1]:

1. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint.

3. Deny the allegations contained in paragraph 3 of the Complaint, but admit that Robbins at times has resided at 2 West 67th Street, New York, New York 10023.

4. Admit the allegations contained in paragraph 4 of the Complaint.

---

[1] Unless otherwise noted, the capitalized terms utilized herein are the same as those utilized in the Complaint.

1

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 7 of the Complaint except admit that Robbins remains a citizen of the state of Connecticut.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 9 of the Complaint except admit that the parties have in the past and do presently together serve on the Board.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint except admit that at some point in 2012, the parties discussed a potential investment in RSF.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that the principal sum of $350,000 was wired into RSF's bank account pursuant to the note which Robbins executed in his capacity as Manager of RSF (the "RSF Note").

15. Deny the allegations contained in paragraph 15 of the Complaint except respectfully refer the Court to the RSF Note for the content and legal obligations thereunder.

16. Deny the allegations contained in paragraph 16 of the Complaint except respectfully refer the Court to the RSF Note for the content and legal obligations thereunder.

17. Deny the allegations contained in paragraph 17 of the Complaint except respectfully refer the Court to the RSF Note for the content and legal obligations thereunder.

18. Deny the allegations contained in paragraph 18 of the Complaint except admit Robbins provided financial information upon request.

19. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint except admit that RSF has failed to pay Lowenthal the principal sum due under the RSF Note.

21. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 21 of the Complaint except admit that RSF never made payment to Lowenthal under the RSF Note.

22. Admit that Robbins was served with the Initial Action, but denies the allegations contained in paragraph 22 of the Complaint as they pertain to the manner and date of service.

23. Deny knowledge or information sufficient to form a belief as to the facts alleged in paragraph 23 of the Complaint, except admit that over the past two (2) years, Robbins has attempted to telephone Lowenthal on many occasions.

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, specifically as to the date of the phone call, but admit that the parties spoke at some point at the end of September.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint, but admit that Robbins in his capacity as Manager of RSF proffered a true and correct copy of the RSF Note that is attached to the Complaint as Exhibit C.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint, except admit that Robbins sent the RSF note to Lowenthal in September, 2012.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint, except admit that Robbins sent the RSF note to Lowenthal in September, 2012.

31. Deny the allegations contained in paragraph 31 of the Complaint.

**Response to Count I**

32. Robbins repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint, except respectfully refer the Court to the RSF Note for the content and legal obligations thereunder.

36. Deny the allegations contained in paragraph 36 of the Complaint except admit that RSF has not paid Lowenthal any amount due under the RSF Note.

37. Deny the allegations contained in paragraph 37 of the Complaint except admit that interest has accrued on the principal sum of $350,000 pursuant to RSF Note.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

### Response to Count II

40. Robbins repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

### Response to Count III

51. Robbins repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

## Response to Count IV

55. Robbins repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

## As And For A First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## As And For A Second Affirmative Defense

Plaintiff's claims as barred as Plaintiff has failed to name RSF, the real party in interest.

## As And For A Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

## As And For A Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of ratification.

## As And For A Fifth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's own assumption of risk.

## As And For A Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

PRAYER FOR RELIEF

Wherefore, Robbins respectfully pray for the entry of a judgment dismissing the Complaint with prejudice in all respects, and granting Robbins such other and further relief as the Court may deem just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Robbins demands a trial by jury of all issues properly triable to a jury in this case.

Dated:  New York, New York
December 9, 2016

Respectfully submitted,

GUZOV, LLC

By:  __/s/ Debra J. Guzov_____
Debra J. Guzov (DG 7125)
*Attorneys for Defendant.*
805 Third Avenue, 8th Floor
New York, NY 10022
(212) 371-8008
dguzov@guzovllc.com

**VERIFICATION**

State of ~~New York~~ Connecticut ) 
County of ~~New York~~ Fairfield ) ss.: Westport

Peter G. Robbins, being duly sworn, states that he is the defendant in this action and that the foregoing answer is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
Peter G. Robbins

Sworn to me this 12th day of December, 2016.

_____
Notary Public

RICHARD W MARTIN II
Notary Public, State of Connecticut
My Commission Expires Jan 31 2020

8